SCOTT D. JOHANNESSEN (SBN 128841)
LAW OFFICES OF SCOTT D. JOHANNESSEN
424 Church Street, Suite 2000
Nashville, TN 37219
Phone:   877.863.5400
Fax:       877.863.5401
Email:    scott@sdjnet.com

*Attorney for Plaintiff*:
SIERRA GROUP – USA, INC.,
a Nevada corporation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| SIERRA GROUP – USA, INC., § § Plaintiff, § § v. § § RONALD R. PETRUCCIONE, § § Defendant. § § | Case No. 8:17-cv-2099 **COMPLAINT** |

Plaintiff Sierra Group – USA, Inc., by and through its undersigned attorney, hereby files this Complaint and alleges upon information and belief:

**JURISDICTION AND VENUE**

1. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because this action is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

2. This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367 because certain of the claims herein are so related to claims in the action within such original jurisdiction of the Court that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendant has subjected himself to the jurisdiction of this Court by using judicial processes in this district on related matters, and Defendant has

regularly conducted business in this district.

## PARTIES

4. Plaintiff Sierra Group – USA, Inc. ("Sierra Group") is a corporation incorporated under the laws of the State of Nevada, Nevada Business ID NV19951074023, and has its principal place of business in the State of Nevada. For purposes of 28 U.S.C. § 1332, Sierra Group is a citizen of the State of Nevada.

5. Defendant Ronald R. Petruccione ("Petruccione") is an individual, a naturally born citizen of the United States, and a domiciliary and resident of the State of California. For purposes of 28 U.S.C. § 1332, Petruccione is a citizen of the State of California.

6. At all relevant times mentioned herein, Petruccione and as yet unnamed parties were the agent, principal, attorney, and/or authorized representative of each other and at all relevant times mentioned herein directly or indirectly profited from and acted within the scope of such relationships and on behalf of and with the approval, consent, knowledge and/or encouragement of each other and each other's actions. The activities as described herein were within the scope of one or more agency and/or subagency relationships amongst such persons and/or entities.

## FACTUAL BACKGROUND

7. In late 2008, Petruccione was informally requested by Original Quinton – North America, Inc. ("Original Quinton") to perform services as an independent business consultant.

8. In July 2009, Petruccione filed a voluntary petition in the United States Bankruptcy Court for the Central District of California, styled *In re Ronald R. Petruccione*, Case Number 8:09-bk-16899-RK ("Chapter 7 Petition"). A true and accurate copy of the Chapter 7 Petition, signed by Petruccione under penalty of perjury, is attached hereto as **Exhibit 1**.

9. Petruccione confirms, in the summaries and schedules accompanying his Voluntary Petition, he performed and was paid by Original Quinton for outside services performed by him for Original Quinton as a business consultant.

10. Petruccione's independent contractor status with Original Quinton is confirmed in IRS Forms 1099-Misc ("IRS Forms 1099") provided to Petruccione by Original Quinton, before and after Petruccione filed his Involuntary Petition, for nonemployee compensation paid to Petruccione for his outside services as an independent business consultant. True and accurate copies of Petruccione's IRS Forms 1099 are attached

hereto as **Exhibit 2**, **Exhibit 3** and **Exhibit 4**.

11. Petruccione filed personal individual tax returns, state and federal, acknowledging the IRS Form 1099 miscellaneous income he received from Original Quinton.

12. Petruccione confirmed, in correspondence he sent to Original Quinton, he is not an Original Quinton employee. A true and accurate copy of an example of Petruccione's confirming correspondence to Original Quinton is attached hereto as **Exhibit 5**.

13. In February 2014, Petruccione filed a complaint with the California Labor and Workforce Development Agency ("Labor Commissioner") against Original Quinton ("Labor Commissioner Action") addressing the subject matter later complained of by Petruccione in a state court action he later filed and as identified below ("State Court Action"). The Labor Commissioner rejected Petruccione's Labor Commissioner Action. In its rejection, the Labor Commissioner directed Petruccione to forward a copy of any judgment or settlement obtained in the State Court Action to the Labor Commissioner, which Petruccione failed to do. A true and accurate copy of the Labor Commissioner's acknowledgment of the Labor Commissioner Action and its follow up reporting directive to Petruccione is attached hereto as **Exhibit 6**.

14. In March 2014, Petruccione filed a state court civil action against Original Quinton, Robert Slovak and Jack Slovak ("State Court Action"). The two individuals named as defendants in the State Court Action were the owners of Sierra Group and Water and Wellness Solutions, Inc. ("WWS"), also a Nevada corporation. A true and accurate copy of the State Court Action is attached hereto as **Exhibit 7**.

15. In June 2014, Jack Slovak and Robert Slovak demurred to Petruccione's complaint in the State Court Action challenging, among other things, Petruccione's unsupported allegations that Jack Slovak and Robert Slovak were alter egos of Original Quinton. The state court granted the demurrer and by court order Jack Slovak and Robert Slovak were dismissed from the State Court Action without leave to amend ("Dismissal Order"). The Dismissal Order is a final court order. The State Court Action did not settle and Petruccione did not seek appellate review of the Dismissal Order, either before or after the State Court Action concluded. A true and accurate copy of the Dismissal Order is attached hereto as **Exhibit 8**.

16. In July 2015, Petruccione obtained a default judgment in the State Court Action against Original Quinton and no other party ("Default Judgment"). Neither Sierra Group nor WWS has ever been a party to or a participant in the State Court Action. Neither Original Quinton, Sierra Group, WWS, Jack Slovak nor Robert

Slovak appeared during or participated in the final disposition of the State Court Action. Neither Original Quinton, Sierra Group, WWS, Jack Slovak nor Robert Slovak was represented by counsel when the State Court Action was concluded or when the Default Judgment was entered. A true and accurate copy of the Default Judgment is attached hereto as **Exhibit 9**.

17. In December 2015, Petruccione commenced a civil proceeding in the State Court Action to amend the Default Judgment obtained against Original Quinton and no other party ("Civil Action"). Petruccione filed the Civil Action in an attempt to add to the Default Judgment, as additional defendants, Sierra Group, WWS, and previously dismissed parties Jack Slovak and Robert Slovak. Neither Original Quinton, Sierra Group, WWS, Jack Slovak nor Robert Slovak was represented by counsel when the Civil Action was filed. A true and accurate copy of the Civil Action is attached hereto as **Exhibit 10**.

18. Notice of the July 2015 Default Judgment was not properly or timely served on either Original Quinton, Sierra Group, WWS, Jack Slovak or Robert Slovak. Notice of the July 2015 Default Judgment was not mailed to Original Quinton until February 2016. A true and accurate copy of the Notice of Default Judgment is attached hereto as **Exhibit 11**.

19. Beginning in January 2016, after the State Court Action was removed to federal court, Sierra Group, WWS, Jack Slovak and/or Robert Slovak (collectively, "Interested Parties") repeatedly demanded that they be dismissed from Petruccione's continued, improper and malicious prosecution of his Civil Action against them.

20. In April 2016, Petruccione filed a lawsuit for legal malpractice against the attorneys representing him in the State Court Action ("Attorney Malpractice Lawsuit"). A true and accurate copy of the Attorney Malpractice Lawsuit is attached hereto as **Exhibit 12**.

21. Among other things, Petruccione admits in the Attorney Malpractice Lawsuit that all adverse parties named in the State Court Action (i.e., Original Quinton, Sierra Group, WWS, Jack Slovak and Robert Slovak) are Nevada residents, that the Default Judgment mailed to Original Quinton renders moot a judgment on any party, and that "[i]t is likely that under Rule 11 of Federal Court [sic], Nemirow Law may have to dismiss Sierra Group-USA, Inc. and Water and Wellness Solutions, Inc." from a federal court case filed against them.

22. Petruccione also admits in the Attorney Malpractice Lawsuit that Petruccione's legal representatives, acting for and on his behalf, committed professional negligence by, among other things, failing to properly represent Petruccione by failing to name alter ego defendants in a lawsuit filed against Original Quinton and failing to enter and pursue judgement against Original Quinton.

23. Petruccione also admitted in the Attorney Malpractice Lawsuit that Petruccione's legal representatives, acting for and on his behalf, wrongfully failed to name alter ego defendants in the State Court Action, including Sierra Group and WWS, and wrongfully failed to pursue judgment.

24. In July 2016, Jack Slovak died.

25. In December 2016, Petruccione voluntarily dismissed, with prejudice, all claims and causes of action, in their entirety, against Sierra Group and WWS ("Dismissal"). Petruccione has not served the Dismissal on Original Quinton. Despite repeatedly being requested to do so, Petruccione still refuses to dismiss the claims and causes of action he continues to prosecute against Robert Slovak. A true and accurate copy of Petruccione's Dismissal is attached hereto as **Exhibit 13**.

26. In February 2017, Petruccione further pursued collection of the Default Judgment in California and, after Robert Slovak demanded cessation of such efforts, Petruccione withdrew his errant and improper abusive actions.

27. In March 2017, Petruccione further pursued collection of the Default Judgment in Nevada and, after Robert Slovak demanded cessation of such efforts, Petruccione withdrew his errant and improper abusive actions.

28. Petruccione continues to improperly and unlawfully prosecute his civil claims and collections efforts against various persons, including Robert Slovak and businesses with which he is associated.

## CLAIMS FOR RELIEF

### COUNT I

### WRONGFUL USE AND ABUSE OF CIVIL PROCEEDINGS

29. Paragraphs 1-28, above, are hereby restated and incorporated herein.

30. The Civil Action was initiated by or at the direction of Petruccione and Pettrucione was actively involved in continuing and prosecuting the Civil Action.

31. The Civil Action filed against the Interested Parties ended in Sierra Group and WWS's favors.

32. Petruccione refuses to dismiss Robert Slovak or Jack Slovak, the latter of whom is deceased, from the Civil Action.

33. The Civil Action was brought without probable cause, as no reasonable person in Petruccione's circumstances would have believed that there were reasonable grounds to bring the Civil Action against the Interested Parties.

34. Petruccione acted primarily for a purpose other than succeeding on the merits of the Civil Action.

35. The Interested Parties were harmed by Petruccione's commencement and prosecution of the Civil Action.

36. Petruccione's wrongful acts as alleged herein were substantial factors in causing harm to the Interested Parties and are causing damage to the Interested Parties.

37. Petruccione intentionally used the legal procedures, acts and omissions as set forth hereinabove to coerce the Interested Parties, including Sierra Group, to satisfy a purported obligation of a third party in a manner for which such procedures were not designed.

38. Petruccione's acts and omissions as set forth hereinabove constitute wrongful uses and abuses of civil proceedings and processes under California law.

39. When engaging in the acts and omissions as set forth hereinabove, including initiating the Civil Action, Petruccione and his representatives, and each of them, acted maliciously, i.e., in bad faith and with ill will, hatred and/or spite. Petruccione and his representatives', and each of their, conduct and actions also constitute such a reckless disregard for the rights of others, including the Interested Parties, that a conscious indifference to consequences as to the acts as set forth hereinabove, including the commencement and prosecution of the Civil Action, can be implied. At a minimum, Petruccione and his representatives, and each of their, conduct and actions constitute negligent acts and omissions, as they failed to exercise reasonable care when engaging in the acts and omissions as set forth hereinabove

40. As a direct and proximate result of the aforementioned acts, the Interested Parties, including Sierra Group, have suffered compensatory and consequential damages of at least $75,000, exclusive of interest and costs. Additionally, Sierra Group is entitled to an award of exemplary and punitive damages in excess of

$750,000 as necessary to punish and deter Petruccione and others similarly situated and/or acting in concert with them from such future unfair, unlawful, and bad faith conduct.

41. Accordingly, Sierra Group prays for relief as hereinafter set forth.

**DEMAND FOR JURY TRIAL**

Sierra Group hereby requests a jury trial for all issues triable by a jury.

**PRAYER FOR RELIEF**

WHEREFORE, Sierra Group prays for judgment as follows:

a. Judgment be entered in Sierra Group's favor as to each and every claim in this Complaint;

b. For compensatory damages in an amount to be determined according to proof;

c. For consequential damages in an amount to be determined according to proof;

d. For punitive damages as requested herein in an amount as provided by law;

e. For reasonable attorneys' fees and costs as provided by law; and

f. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Scott D. Johannessen*
SCOTT D. JOHANNESSEN
LAW OFFICES OF SCOTT D. JOHANNESSEN

*Attorney for Plaintiff*:
SIERRA GROUP – USA, INC.
a Nevada corporation